337 So.2d 635 (1976)
Samuel W. JOYNER, Plaintiff-Appellant-Appellee,
v.
Herman L. WEAVER et al., Defendants-Appellees-Appellants.
No. 5591.
Court of Appeal of Louisiana, Third Circuit.
September 13, 1976.
*636 Makar & Whitaker, by John B. Whitaker, Natchitoches, for plaintiff-appellant.
Edwin Dunahoe, Natchitoches, for defendant-appellee.
Before MILLER, WATSON and PETERS, JJ.
WATSON, Judge.
Plaintiff, Samuel W. Joyner, sued defendant, Herman L. Weaver, and his wife, Ethyl Rachal Weaver, for damages resulting from malicious prosecution and was awarded $500 by the trial court. Plaintiff has appealed, contending that the award is inadequate; defendants have appealed, contending that the trial court erred in finding liability, and, in the alternative, that the award is excessive.
Joyner holds a contractor's license for the city of Natchitoches, although he now resides in Sabine Parish.
On November 6, 1975, Mrs. Weaver, acting on behalf of her husband, signed a written contract with Joyner to replace the walls in both bathrooms of the Weaver home and to install a basin and closet in one of the baths. The agreed contract price was $735; Mrs. Weaver gave Joyner $250 by check at the time the contract was signed; the balance was to be paid upon completion of the job. Mrs. Weaver called Joyner the same evening and said she was thinking of stopping payment on the check, but it had been cashed. The following day, Joyner and his father-in-law, Bonneville, worked at the Weaver residence about seven hours on one of the bathrooms. Joyner did not return to the Weavers' to complete the job because of difficulties he said he had in obtaining materials. Mrs. weaver testified that, after Joyner claimed difficulty getting materials, she ordered materials from the Natchitoches Lumber Yard (where Joyner could not obtain credit), which were delivered on November 13. Mrs. Weaver, according to her testimony, instituted several telephone calls to Joyner urging him to complete the work but received no satisfaction. Finally, on November 17, the operator informed her that Joyner's telephone had been disconnected.
Mrs. Weaver then spoke to the city marshall, a deputy sheriff and an assistant district attorney, either in person or by telephone. She learned through the deputy that Joyner had moved to the adjoining parish. On November 21 (15 days after the contract was made) Mrs. Weaver signed an affidavit charging Joyner with theft and a district judge issued a warrant for his arrest.
Joyner was arrested in Sabine Parish on Saturday morning and was transferred to Natchitoches Parish where he remained in jail until Monday. He was released when his wife and father-in-law borrowed $250 and paid Herman Weaver that amount at the Natchitoches Parish Courthouse. They also gave Weaver a paid receipt for $51 worth of materials Joyner had purchased in Many for the job. Mr. Weaver gave Mrs. Joyner $25, which he stated was a fair amount for the materials.
Following the payment, Mr. Weaver advised the Natchitoches Parish Sheriff that he had completed his business with Joyner and Joyner was released immediately from jail. The record does not reflect the disposition of the warrant but there is no dispute that the criminal prosecution was terminated at that juncture.
The issues are whether: (1) the defendants wrongfully instituted criminal proceedings against plaintiff in order to recover their money; and (2) the trial court abused its discretion in the award of damages.
We have reviewed the issue of liability in the light of LSA-C.C. art. 2315 and the Louisiana jurisprudence on the tort of malicious prosecution.
*637 The Louisiana jurisprudence is uniform in requiring three elements to be proved in an action for malicious prosecution: (1) termination of the proceedings in favor of the plaintiff; (2) want of probable cause; and (3) malice. Whittington v. Gibson Discount Center, 296 So.2d 375 (La.App. 2 Cir. 1974). Some dissatisfaction has been expressed by Louisiana courts with the application of the common law strictures, and in particular, the necessity of finding "malice", which is said to be inconsistent with the civil law principle of liability for damages caused by fault. Jones v. Simonson, 292 So.2d 251 (La.App. 4 Cir. 1974). The problem seems to lie with the necessity in most cases to cast about for some basis on which to impute malice.
In the present case, it is necessary to impute malice. There was, it could be said, a reckless disregard of Joyner's rights. Certainly, the record does not reflect that Mr. and Mrs. Weaver harbored any hatred, anger, or contempt toward Joyner; it was not a personal grudge or vendetta with them. All they wanted was to get back their money and they took the direct route of having Joyner thrown in jail until his wife came up with the $250. Wanton and reckless disregard of rights is indicative of malice. Robinson v. Goudchaux's, 307 So.2d 287 (La., 1975).
There is no doubt that the proceedings terminated favorably to the plaintiff. Defendant, Herman L. Weaver, was present at the jail when, immediately following payment of the $250 to him by Joyner's wife, Joyner was released by the sheriff.
There is absent any probable cause for the institution of the criminal charges against Joyner; it is apparent that defendants' only motive in filing the criminal complaint was recovery of their money. The trial court found as a matter of fact that the charges were filed absolutely without cause.
We find no manifest error in the trial court's placing of liability on the Weavers. They wrongfully instituted criminal proceedings against Joyner and are liable to him in damages. The trial court awarded the sum of $500 for general damages which impresses us as modest under the circumstances. However, the only evidence on the subject of damages is that presented by defendants to the effect that Joyner's credit standing, at least in Natchitoches, was weak. The award of $500 for general damages to Joyner is within the much discretion allowed the trial court and is affirmed. LSA-C.C. art. 1934.
Joyner alleged in his petition that he was not paid for the work performed and was paid only $25 of the $51.66 in materials purchased for the Weaver job. The trial court made no ruling on this claim for what may be called special damages, and there is no indication that the $500 award includes these amounts.
The record supports the contention by Joyner that he is entitled to $50 for the work and $26.66 for materials.
Therefore, it is ordered, adjudged and decreed that Samuel Joyner is awarded an additional $76.66 against defendants, Mr. and Mrs. Herman L. Weaver, as special damages.
Costs are taxed against Mr. and Mrs. Herman L. Weaver.
AMENDED AND AFFIRMED.