387 So.2d 1254 (1980)
Samuel J. LEWIN
v.
FIRST PARATRANSIT CORP. d/b/a Yellow Cab, Bellefonte Ins. Co. and Julius Nesmith, Jr.
No. 13372.
Court of Appeal of Louisiana, First Circuit.
June 9, 1980.
Rehearing Denied September 4, 1980.
*1255 Lennie F. Perez, Baton Rouge, for plaintiff-appellant Samuel L. Lewin.
John W. Barton, Jr., Baton Rouge, for defendants-appellees First Paratransit Corporation d/b/a Yellow Cab Company and Julius L. Nesmith, Jr.
Before ELLIS, CHIASSON and PONDER, JJ.
PONDER, Judge.
Plaintiff appealed from the judgment for the defendants in this action for malicious prosecution.
We reverse and render.
Defendant Nesmith was a driver for First Paratransit Corporation, operating the Yellow Cab Taxi Service. Plaintiff was an engineer on a ship anchored in the Mississippi River at Baton Rouge.
Nesmith was dispatched to pick up plaintiff from a bar and grill. When plaintiff arrived at the dock to catch a launch back to his ship, he discovered he did not have any money to pay the cab fare. Defendant called his dispatcher who sent the police, as was the custom of the cab company when a passenger could not pay the fare. The police subsequently arrested plaintiff for theft of $19.70 under the Baton Rouge City Code 13:425.[1] The plaintiff was found not guilty when no evidence was presented against him in City Court.
*1256 The ordinance requires that there be an intent to deprive the owner permanently. All the evidence is to the contrary.
Plaintiff stated several times that he had no intention of cheating the cab company. He thought he had money in his wallet when he left the bar. The bartender told the driver that plaintiff could pay. Plaintiff testified he asked the driver to take him to the office of the cab company where he would pay by check or credit card. The cab driver refused. Plaintiff also offered to go to the ship to get the money. The cab driver refused. The arresting officer testified plaintiff asked if he could be taken back to the bar in order to borrow money from either the bartender or his shipmates. The cab driver refused that also.
Plaintiff spent five days in jail before he was able to contact his wife in Colorado to send bail money. On leaving jail, plaintiff immediately paid the cab company, which instructed the driver to drop the charges at the District Attorney's office. Apparently the driver attempted to do this but never actually dropped the charges.
As a result of plaintiff's incarceration, he was unable to join his ship when it left port and he lost his job.
There are six elements in an action for malicious prosecution:
(a) The commencement or continuance of an original criminal or civil judicial proceeding;
(b) Its legal causation by the defendant;
(c) Its bona fide termination in favor of the plaintiff;
(d) The absence of probable cause;
(e) Malice; and
(f) Damage to plaintiff.
Robinson v. Goudchaux's, 307 So.2d 287 (La. 1975). Only (d) and (e) are seriously contested.
There was no probable cause for the arrest of plaintiff. The defendants wanted their money. However, they should not have used the criminal processes to enforce a civil debt. Harvey v. Bertaut, 303 So.2d 211 (La.App. 4th Cir. 1974); Joyner v. Weaver, 337 So.2d 635 (La.App. 3rd Cir. 1976); Sargent v. Polar Bar Ice Cream Co., 196 So. 541 (La.App.Orleans, 1940); Robinson v. Rhodes, 300 So.2d 249 (La.App. 2nd Cir. 1974). Even if it can be argued that the theft statute otherwise covers the situation, nevertheless, a specific intent is required.
Malice can be inferred when there is a reckless disregard of another's rights. Robinson v. Goudchaux's, supra. In the instant case, not only did the driver show reckless disregard for plaintiff when he had him arrested, he also failed to have the charges dropped as he had been instructed to do. As a result, plaintiff appeared in City Court on criminal charges.
Plaintiff proved he lost his job as a result of being jailed. He had made approximately $3,400.00 the previous month. He was unemployed from April 23 until July 6. We award $8,500.00 for these lost wages. Plaintiff should also recover the attorney's fees he incurred to defend the criminal action. We award $250.00. Harvey, supra.
For damages to reputation, embarrassment, humiliation and mental anguish we award $7,500.00.
We therefore reverse the judgment of the trial court and judgment is rendered in favor of plaintiff and against defendants in solido for $16,250.00 plus interest from date of judicial demand. The costs of this appeal shall be paid by appellee.
REVERSED AND RENDERED.
NOTES
[1] Baton Rouge City Code 13:425:

"Sec. 425. Theft; attempted theft-Definitions.
(a) Theft is the misappropriation of taking of anything having a value of less than one hundred dollars ($100.00) which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential."