YELVERTON, Judge.
This is an action for damages for malicious prosecution. The trial court rendered judgment in favor of the plaintiff, Elsie Jones, for $25,000. The defendant, Calvin Soileau, appealed. We reverse.
We find that plaintiff failed to prove one of the essential elements in a malicious prosecution case, an absence of probable cause. Before discussing this element, it is necessary that we recite the facts leading up to the criminal prosecution and the results of that prosecution.
In the fall of 1980 Elsie Jones approached Cal Soileau, proprietor of Cal’s Grocery in Ville Platte, seeking to purchase groceries on a credit basis. She was living on Supplemental Security Income (SSI) and food stamps and seldom possessed ready funds with which to buy groceries. The defendant claimed that he denied Mrs. Jones credit but agreed to give her groceries in exchange for a check written for the amount of each purchase. Each check was supplied and filled out by Soileau or by one of his employees; the plaintiff merely signed her name. The counter checks supplied by Soi-leau happened to name the American Security Bank of Ville Platte as drawee. Soi-leau did not inquire as to whether the plaintiff had an account at that bank. She had no account at that or any other bank.
It was their understanding that Soileau would hold the checks until the end of the month. Then the plaintiff would pay her bill with money from her SSI check and Soileau would return her checks to her. Soileau’s other credit customers were handled in much the same manner as the plaintiff. These accounts were kept on separate pages in a ledger book and inscribed as to the date and amount of purchase. At the end of each month, when payment was made, the page of the ledger bearing the account was removed and given to the customer as proof of payment. In plaintiff’s case the checks were also returned as proof of payment. Soileau’s wife testified that the checks were a method of accounting with regard to plaintiff’s purchases, indicating the amount and date of purchase. Plaintiff was free to purchase under this agreement at will.
Soileau testified that he had informed the plaintiff that if she failed to make payment at the end of the month, he would process the check through the bank and then exercise his right to file criminal charges against her. The plaintiff denied that he ever informed her of this.
The plaintiff paid her debts to Soileau under this arrangement for the months of October, November and December of 1980 and January of 1981. She did not pay for her February 1981 groceries. Soileau sent her a demand letter advising that criminal charges would be filed if the payments were not received within ten days. The letter was signed by Cal Soileau. Underneath the signature appeared the title “City Marshall.” Cal Soileau was in fact the city marshall for the Town of Ville Platte.
The plaintiff attempted to negotiate with defendant an arrangement to pay the debt on some kind of monthly installment. Soi-leau declined to negotiate and demanded payment in full. The record is unclear as to when these negotiations took place.
Soileau then filed misdemeanor charges against the plaintiff. The district attorney, apparently fully aware of the facts and after giving consideration to whether or not this was an open account transaction, accepted the charges. The district attorney testified at the malicious prosecution trial that he based his acceptance of the charges on his determination that the facts did not constitute an open account transaction.
Elsie Jones was charged by bill of information with four counts of issuing worthless checks, a violation of R.S. 14:71. She was tried in the Thirteenth Judicial District Court and convicted by the trial judge on three of the four counts. A 10 day jail term was imposed on each of the three counts to run consecutively, plus a fine of *505 $50 plus court costs. The execution of sentence was suspended by the court on the condition that plaintiff make restitution to the complainant within 10 days.
At this point in the historical sequence of this narrative, the Louisiana Supreme Court granted supervisory writs to review the conviction and subsequently reversed plaintiff’s conviction and sentence. See State v. Jones, 400 So.2d 658 (La.1981). The Supreme Court found that the credit arrangement between Soileau and Jones was clearly an open account and that by its express terms R.S. 14:71, issuing worthless checks, was not applicable to open accounts. The Supreme Court also found that the conviction was reversible for the additional reason that a rational trier of fact could not have found beyond a reasonable doubt that Mrs. Jones intended to defraud Soileau.
The present suit for malicious prosecution was then filed. It was tried and the judgment was rendered on September 29, 1982.
We now list the elements of proof required by the jurisprudence in order to recover damages for malicious prosecution in Louisiana. Six elements must be present concurrently. They are:
1. The commencement or continuance of an original criminal or civil judicial proceeding;
2. Its legal causation by the present defendant;
3. Its bona fide termination in favor of the present plaintiff;
4. The absence of probable cause for such proceedings;
5. The presence of malice; and
6. Damages.
Hibernia National Bank of New Orleans v. Bolleter, 390 So.2d 842 (La.1980); Robinson v. Goudchaux’s, 307 So.2d 287 (La.1975).
Actions of this kind are disfavored, and a clear case must be established. Lees v. Smith, 363 So.2d 974 (La.App. 3rd Cir. 1978).
The first three elements were clearly established: the defendant in this case caused the commencement of a criminal proceeding against plaintiff and the proceeding terminated in favor of plaintiff. See Culpepper v. Ballard, 344 So.2d 110 (La.App. 2nd Cir.1977). The disputed issues on appeal relate to the remaining three elements and the only one we find it necessary to discuss is absence of probable cause.
This element is explained in the case of Coleman v. Kroger Co., 371 So.2d 1186 (La. App. 1st Cir.1979), writ denied 372 So.2d 1041 (La.1979), as follows:
The probable cause element in a malicious prosecution suit requires both an honest and a reasonable belief in the guilt of the prosecuted party. Sandoz v. Veazie, 106 La. 202, 30 So. 767 (1901); Lees v. Smith, 363 So.2d 974 (La.App. 3d Cir. 1978); Whittington v. Gibson Discount Center, 296 So.2d 375 (La.App. 2d Cir. 1974); Cormier v. Blake, 198 So.2d 139 (La.App. 3d Cir.1967); Buisson v. Prestia, 45 So.2d 531 (La.App.Orl.Cir.1950). The determination of probable cause depends upon the particular facts of each case because the court must decide whether the circumstances were such as to create the belief in a reasonable mind that the plaintiff was guilty of the crime charged. Motichek v. Clovis-Hendry, Inc., 280 So.2d 225 (La.App. 1st Cir.1968).
We are constrained to reverse because we find that plaintiff failed to prove the essential element of lack of probable cause for instituting the prosecution. The specific error which we find the trial court made was the failure to give any evidentiary value to the fact of Mrs. Jones’ conviction at the district court level and its impact on the issue of probable cause. A proper consideration of that conviction, which was based on a prosecution instituted by the District Attorney, a trial presided over by a District Judge, and a full disclosure of the facts, compels us to the conclusion that Soileau had an honest and reasonable subjective belief that Mrs. Jones had in fact committed the crimes of issuing bad checks. It would be an anomaly for us to hold that Soileau did not have probable cause for instituting a prosecution when he was in *506 possession of the identical facts which the District Judge believed sufficient to prove guilt beyond a reasonable doubt.
In fairness to the trial court (a judge from another district) which tried the malicious prosecution case, we note that the evidentiary value of the reversed conviction has not been raised by the defendant. It was apparently assumed by the parties in this case that a reversal of this conviction by the Supreme Court satisfied the element of “bona fide termination in favor of the present plaintiff.” Indeed it does, but the conviction nevertheless remains a viable factor regarding the issue of probable cause.
Concerning the evidentiary value of a judgment of conviction on the question of probable cause, whether or not the judgment is reversed, there are three lines of cases. Some jurisdictions hold that a judgment of conviction is conclusive of probable cause; others that it is conclusive evidence only if the judgment was not obtained by improper means; still others that it constitutes only prima facie evidence of probable cause for instituting the prosecution. 54 C.J.S. Malicious Prosecution § 37, p. 1000; 86 ALR 2d 1090.
3 Restatement of Torts § 667(1) states: “The conviction of the accused by a magistrate or trial court although reversed by an appellate tribunal, conclusively establishes the existence of probable cause, unless the conviction was obtained by fraud, perjury or other corrupt means.”
This represents the majority rule outside Louisiana and appears to be the rule in this State according to the ancient case of Grant v. Deuel, 3 Rob. 17 (1842). In that case Grant was tried for stealing hogs on a prosecution instigated by the owner, Deuel. Grant was acquitted by a jury which deliberated for 10 to 15 minutes as to their verdict. In the subsequent malicious prosecution lawsuit Deuel was found to have had probable cause for instigating the charge. Among the reasons assigned by the court was the fact that the jury by deliberating 10 or 15 minutes must have entertained some doubt about the evidence. The court discussed the law of Massachusetts and Virginia regarding the conclusiveness of a conviction, even though reversed, as evidence of probable cause in a malicious prosecution action. The court then reasoned that the deliberation by the jury was a strong circumstance of probable cause for the prosecution “in the absence of any proof of fraud or perjury to produce such results.”
In the instant case we have carefully studied the records of both the criminal trial and the malicious prosecution trial which arose out of it. The evidence of the underlying facts is practically identical in both cases. There is no suggestion that Soileau used improper means in obtaining the conviction in the district court. He was wrong on the law, but so were the district attorney and the judge. He never concealed any facts or told any lies. His motive throughout was to collect the debt but that alone does not make him a tortfeasor. Vasseur v. Eunice Superette, Inc., 386 So.2d 692 (La.App. 3rd Cir.1980). The conviction therefore stands as some evidence of probable cause. In view of the high degree of proof required of a plaintiff in a malicious prosecution case, we are required to hold that the fact of the conviction under these circumstances even though reversed, is sufficient evidence of probable cause to defeat plaintiff’s right to recover.
For these reasons, we reverse the judgment of the district court and render judgment dismissing plaintiff’s suit. All costs in both courts are to be paid by plaintiff.
REVERSED.
DOUCET, J., concurs.