FORET, Judge.
Plaintiff, Marina Martinez, filed suit against Lenora Peacock seeking damages for malicious prosecution. The trial court rendered judgment in favor of defendant, and plaintiff has appealed. The issue raised by the appeal is whether the plaintiff proved her case, which boils down to whether there existed probable cause for the issuance of an arrest warrant.
FACTS
On February 18, 1986, Mr. and Mrs. Herman Ebarb found two individuals, one of whom was later identified as the plaintiff, in a room at the Dav-San Motel in Zwolle, Louisiana. The room was supposed to be vacant, as repairs were being made on the room’s plumbing. Mr. and Mrs. Ebarb lived at the motel as caretakers and were employees of the motel, which is owned by defendant, Mrs. Peacock. Since Mr. Ebarb was deceased at the time of the trial, and Mrs. Ebarb was too infirm to testify, this part of the story was related by the defendant and Thomas Ebarb, the Justice of the Peace who issued the arrest warrant.
After encountering the man and woman in the room, Mr. Ebarb told them that if they paid a $25 rental bill, he would hot tell his boss, the defendant, of the incident. They apparently agreed to such, and Mr. Ebarb drove the couple to a telephone at Walden’s Curve in order to get the money. The bill was never paid.
At 9:00 or 10:00 A.M. on the 18th, the defendant arrived at the motel and the *551 above story was related to her. It was at that time that Mr. and Mrs. Ebarb told the defendant that Johnson Malmay and Marina Martinez, the plaintiff, were the two individuals in the room. The Ebarbs told Mrs. Peacock that they had entered the room through a window.
Mrs. Peacock contacted an investigator of the Sabine Parish Sheriff’s Office, Mr. McComic. Upon arriving at the motel, McComic questioned Mr. Ebarb, who stated that he saw Malmay and Martinez in the room. The officer advised Mrs. Peacock and Mr. Ebarb that if they knew who the individuals were, to go to a magistrate and see if he would issue a warrant for their arrest.
The next set of events occurred in front of the Justice of the Peace, Thomas Ebarb. The judge went to Mrs. Peacock’s home on the afternoon of February 18th and heard the story from Mrs. Peacock. The judge was told that the Ebarbs were the witnesses. Mrs. Peacock filed a sworn affidavit and an information sheet providing a detailed account of the incident. The judge called Mrs. Edna Ebarb to verify Mrs. Peacock’s story, which Mrs. Ebarb did, naming Malmay and Martinez as the individuals who were in the room.
The judge then filled out the arrest warrant which charged the plaintiff with simple burglary of an inhabited dwelling.
On February 23,1986, Martinez appeared at the Sheriff’s Office after becoming aware of the warrant. She testified that she was booked and fingerprinted, and posted bond. According to the Sheriff’s records, the entire procedure took nine minutes.
The charges were dropped on the next day, the 24th, when Mr. Ebarb told Mrs. Peacock that Martinez was not one of the two people he and his wife had found in the room. The only explanation for this in the record is that Mrs. Peacock stated that Mr. Ebarb had received a telephone call from the plaintiff’s mother, who had given him a severe tongue-lashing. This, according to Mrs. Peacock, frightened Mr. Ebarb, and he recanted his identification of Martinez.
MALICIOUS PROSECUTION
The requisite elements of a malicious prosecution claim are:
“... (1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage conforming to legal standards resulting to plaintiff.”
Stark v. Eunice Superette, Inc., 457 So.2d 291 (La.App. 3 Cir.1984, writ denied, 461 So.2d 316 (La.1984), citing Jones v. Soileau, 448 So.2d 1268 (La.1984).
In this case, as in Stark, the crucial question is whether there existed probable cause in the defendant’s causation of the arrest warrant. The courts have, in the past, framed the question as whether the “defendant had an honest and reasonable belief in the guilt of the plaintiff at the time the charges were pressed.” Jones, supra, at 1272; Stark, supra, at 293-294.
The trial court, in its reasons for judgment, found that Mrs. Peacock did have probable cause to believe that plaintiff was guilty of the misconduct. Both of her employees positively identified the plaintiff to Mrs. Peacock, and Mrs. Ebarb maintained her and her husband’s story while relating it to the magistrate. The requirement of witnesses to issue a warrant was satisfied by the Ebarbs, and the trial court correctly found that all procedures were diligently followed. A misiden-tification in this case, as occurred in Stark, that causes a mistaken arrest, does not provide the basis for a civil suit in malicious prosecution. See Stark, supra, at 294.
Appellant’s argument revolves around the fact that Mrs. Peacock, herself, was not a witness to the incident and she swore out the affidavit based upon her two employees’ statements. The Ebarbs, according to the appellant, are the ones who should have signed the affidavits in order for there to be probable cause.
*552 The jurisprudence does not require the affiánt to have personal knowledge; it requires Mrs. Peacock to have an “honest and reasonable belief” in the truth of her assertions. The Ebarbs lived in that area their entire lives and were trusted employees of Mrs. Peacock. It would be unconscionable to find a person in Mrs. Peacock’s position liable, when two eyewitnesses positively identified the plaintiff. This similar situation occurred in Stark, and this Court found the defendant’s actions to be with probable cause. Stark, supra, at 294.
Likewise, there was no evidence of any malice on the part of Mrs. Peacock, and no malice may be inferred, as the appellant argues, because there existed probable cause. See Jones, supra, at 1273 concerning the presumption of malice.
For the foregoing reasons, the trial court’s judgment is affirmed, at appellant’s costs.
AFFIRMED.