368 So.2d 1217 (1979)
Raymond A. GRAF
v.
McCRORY CORPORATION.
No. 9822.
Court of Appeal of Louisiana, Fourth Circuit.
March 7, 1979.
Edward K. Pinner, Sr., New Orleans, for plaintiff-appellee.
Nelson, Nelson & Lombard, Ltd., New Orleans, Richard G. Vinet, Gretna, for defendant-appellant.
Before REDMANN, LEMMON and GARRISON, JJ.
LEMMON, Judge.
This is an action to recover damages sustained by plaintiff arising out of his arrest and prosecution instigated by defendant's agents. After a trial on the merits judgment was rendered in favor of plaintiff, and defendant appealed.
Plaintiff, an employee of an optical store on Canal Street in New Orleans, related the following facts: On January 20,1976 he entered McCrory's store during his lunch hour, wearing a black vinyl jacket he had purchased for $19.03 in the same store about two weeks earlier. He bought two small toys for his children, and after eating a sandwich at the snack bar he immediately left the store and went across the street to have a cup of coffee at Kress' store, where he was well known because of having worked in the area for over 20 years. A security guard from McCrory's, wearing plain clothes, approached him in Kress', displayed his identification and requested him to return to McCrory's, which they did. In a private interrogation room at McCrory's the guard accused him of stealing the jacket. He requested an opportunity to call his wife or employer to verify his ownership of the jacket, but the guard refused and called the police. He was handcuffed by the police, led through the store into the police car, taken to central lockup, charged with theft and possession of stolen goods, and *1218 jailed until his wife was able to obtain the money to post bond. After pleading not guilty, he went to court ten times before being tried and found not guilty. Each time that he appeared in court he brought five or six witnesses, and after the first few appearances, he was offered a proposition whereby the charges would be dropped if he executed a release of McCrory's liability. When he refused to execute a release, the prosecution was maintained until he was finally tried. He incurred attorney's fees of $500.00 in connection with the arrest and prosecution.
Roland Parker, the security guard whose testimony was apparently rejected by the trial court, stated that he noticed plaintiff (whom he had never seen before) enter the store without a jacket and later saw him try on the jacket and leave without paying for it. (Plaintiff's version was that he did not walk within 40 feet of the jacket rack.) The guard denied plaintiff told him about purchasing the jacket earlier or requested an opportunity to call his wife or his employer until after the police arrived.
Plaintiff's employer and another optician testified that plaintiff was wearing the jacket during the morning on the day that he was arrested. Several other witnesses testified that they had seen plaintiff wearing the jacket during the two weeks prior to his arrest. All verified plaintiff's good reputation of long standing in the Canal Street optical business.
The trial court accepted plaintiff's version that he had worn the jacket into the store and had not gone near the jacket rack on the day of his arrest. This version was supported by a clear preponderance of the evidence.
One might understand that if plaintiff had been seen taking the jacket from the rack, the security guard could with some reason mistake his actions. But one cannot understand the guard's refusal of plaintiff's suggestion (as he testified and the trial judge apparently believed) to call his wife or his employer to verify that he had worn the jacket to work that morning. Thus the initial calling of the city police was unjustifiable injury to plaintiff. Moreover, there was uncontradicted evidence that the prosecution was maintained, in spite of all the evidence of which defendant was aware, for the purpose of forcing plaintiff to release defendant from any civil liability. Prosecution under these circumstances must be classified as unreasonable and patently malicious.
Accordingly, defendant and its agent acted in an unreasonable manner, and this conduct constitutes fault under C.C. art. 2315 which caused damage to plaintiff.
The trial court awarded $5,500.00, which apparently included reimbursement of the $500.00 plaintiff incurred in attorney's fees to defend the criminal prosecution.
At the time of his arrest plaintiff was a 37-year old father of three who was well respected in the optical business and who had never been arrested before or even cited for a traffic violation. Being handcuffed and led by policemen through a store where he was well known, without being afforded at his request an opportunity to prove his ownership, caused him extreme humiliation. Being arrested and jailed caused him severe concern over the effect on his then pregnant wife and over the probability of losing his job with a new employer. Being forced to stand trial (although the excessive number of appearances were due to the judge's illness), after watching others accused of shoplifting, being tried and sentenced to jail on the testimony of a security guard, caused him further extreme concern and worry. Being forced to borrow money to pay attorney's fees in an unreasonable criminal prosecution caused additional embarrassment. In the light of the considerations we conclude the amount awarded by the trial court was within its much discretion accorded by C.C. art. 1934(3).
AFFIRMED.