539 So.2d 815 (1989)
Christine Fontenot EDMOND, Plaintiff-Appellant,
v.
Ronald HAIRFORD, Defendant-Appellee.
No. 87-1171.
Court of Appeal of Louisiana, Third Circuit.
February 8, 1989.
Alex D. Chapman, Jr., Ville Platte, for plaintiff-appellant.
Guy Mitchell, Ville Platte, for defendant-appellee.
Before DOMENGEAUX, STOKER and DOUCET, JJ.
STOKER, Judge.
This is a tort action to recover damages resulting from the acts of defendant which caused plaintiff to be arrested and forced *816 to furnish bond in order to be released from the custody of the sheriff of Evangeline Parish. The trial court rejected plaintiff's demand and rendered judgment in favor of defendant. We reverse and render judgment in plaintiff's favor.
Plaintiff and defendant were engaged in a lengthy and illicit relationship (defendant was married). On December 24, 1986 defendant gave plaintiff his gold watch to hold so that it would not be scratched or damaged while he stored some Christmas presents. Afterwards, defendant forgot about his watch. That evening plaintiff terminated the relationship. The next day, Christmas, defendant realized that plaintiff still had his watch and demanded its return within 24 hours or else he would file criminal charges against plaintiff. Defendant was a police officer at the time. On December 26, not having received his watch, defendant swore an affidavit for plaintiff's arrest, alleging she had committed theft of property valued over $500. Plaintiff was arrested on December 26, 1986 and subsequently released on bond. Prosecution against plaintiff was never initiated because defendant dropped the charges.
Plaintiff filed suit against defendant for damages. The trial court approached the case under a malicious prosecution theory of recovery and rejected plaintiff's claim. The trial court found that defendant had probable cause to believe that plaintiff intended to permanently deprive him of his watch and that there was a complete absence of malice on the part of defendant. The trial court did not consider any alternative theory of recovery. Plaintiff-appellant appeals the judgment of the trial court, assigning as errors the following:
1) The trial court was manifestly erroneous in its fact finding that defendant-appellee had probable cause for believing plaintiff-appellant had his wrist watch and had the intention of depriving him permanently of his property.
2) The trial court was manifestly erroneous in its fact finding that there was a complete absence of malice on the part of defendant-appellee.
3) The trial court failed to or erroneously applied the pertinent law for this case.
4) The trial court erred in not allowing into evidence the proffered rap sheet of defendant-appellee for impeachment of his trial and deposition testimony.

OPINION

ASSIGNMENTS 1 & 2
Plaintiff argues that the trial court's factual findings as to probable cause and malice were erroneous. After full review of the record, we conclude that the trial court's findings as to these issues are manifestly erroneous.
We find that defendant did not have probable cause to believe that plaintiff intended to deprive him of his wrist watch permanently. The applicable principles for determining probable cause were discussed in Jones v. Soileau, 448 So.2d 1268 (La. 1984). The crucial determination is whether defendant had an honest and reasonable belief in the guilt of plaintiff at the time he pressed charges. In applying these principles, a court may take into account events subsequent to the filing of the criminal charge. Jones v. Soileau, supra, at 1272; Roche v. Aetna Casualty & Surety Co., 303 So.2d 888 (La.App. 1st Cir.1974), writ refused, 307 So.2d 372 (La.1975).
Defendant testified that plaintiff broke off their relationship on Christmas Eve. On Christmas Day, defendant realized that he had not recovered his watch. He telephoned plaintiff and demanded the return of his watch in 24 hours or else he would file criminal charges. Defendant testified that plaintiff never told him that she would not return the watch. Officer Leon Fontenot testified that on Christmas Day he telephoned plaintiff on defendant's behalf to ask for the return of the watch. Officer Fontenot stated that plaintiff replied she would return the watch and that he related this to defendant. Officer Lawrence Jack, the arresting officer, testified that defendant accompanied him to arrest plaintiff on December 26. Officer Jack further testified that in the police car on *817 the way back to the police station he overheard defendant ask plaintiff why she never returned the watch, to which she replied she had intended to. The testimony indicates that defendant knew plaintiff intended to return his watch. Therefore, defendant could not have reasonably believed that plaintiff had committed theft of his watch when he swore to the arrest affidavit. The fact that plaintiff did not immediately return the watch on Christmas Day, which she spent with her children and family, is not indicative of an intent to steal defendant's watch. Therefore, the arrest affidavit was not supported by probable cause.
Malice is inferred when there is an absence of probable cause resulting from wanton and reckless disregard of the rights of the party sued, evincing absence of that caution and inquiry a party should employ before filing suit. Jones v. Soileau, supra, at 1273. Under the circumstances described above, which demonstrate that defendant did not have probable cause to believe that plaintiff intended to commit theft, malice is imputed to defendant. Moreover, most of the testimony in this case involved the nature of the parties' relationship, the reasons for its termination and defendant's attempts to win back plaintiff's affection and regard. The relationship was clearly a factor in defendant's decision to initiate plaintiff's arrest. Defendant misused the criminal process for his private ends.

ASSIGNMENT 3
Based on the allegations of her petition the trial court found that plaintiff sought recovery of damages based on malicious prosecution. The trial court did not consider other theories or bases for recovery. However, plaintiff's petition need not allege a specific cause of action or contain a prayer for general or equitable relief. LSA-C.C.P. art. 862. The "theory of the case" doctrine under which a litigant must select a theory of recovery or defense and adhere to it throughout the litigation has been suppressed in Louisiana. See LSA-C. C.P. art. 862 and Official Comments. Arceneaux v. Bellow, 395 So.2d 414 (La.App. 3d Cir.), writ refused, 400 So.2d 669 (La. 1981); Cox v. Heroman & Co., Inc., 298 So.2d 848 (La.1974) and Poynter v. Fidelity & Cas. Co. of New York, 140 So.2d 42 (La.App. 3d Cir.1962). A court may grant relief to a party which the evidence justifies, and the court is not restricted to the relief prayed for. Gremillion v. Rapides Parish Police Jury, 430 So.2d 1362 (La. App. 3d Cir.), writs denied, 435 So.2d 426, 440 (La.1983). We find that the pleadings and evidence set forth a cause of action under Article 2315 of the Louisiana Civil Code.
With regard to the tort of malicious prosecution the trial judge correctly found that plaintiff failed to show the commencement or continuation of an original criminal proceeding, one of the six elements of tort. See Jones v. Soileau, supra. Plaintiff was arrested for theft of property valued over $500, which is punishable by imprisonment with or without hard labor. LSA-R.S. 14:67. The trial judge found that a criminal proceeding against plaintiff was not instituted because no information or indictment was ever filed. Therefore, the trial court properly held that plaintiff had not proven a case of malicious prosecution.
We have given thought to whether plaintiff's petition and the evidence present a case of false imprisonment. As a technical matter we doubt it. In a "false imprisonment," the arrest is made either without any legal process or warrant or under a warrant null and void on its face, while in a "malicious prosecution" the proceedings are had in pursuance of legal process, maliciously and wrongfully obtained. Barfield v. Marron, 222 La. 210, 62 So.2d 276 (1952). The tort of false arrest, or false imprisonment, has two essential elements: (1) detention of a person and (2) the unlawfulness of such detention. Touchton v. Kroger Co., 512 So.2d 520 (La.App. 3d Cir. 1987). Malice is not a necessary element of the tort of false imprisonment and is immaterial except as it may affect the question of damages. Fontenot v. Lavergne, 365 So.2d 1168 (La.App. 3d Cir.1978).
*818 The warrant issued by the magistrate in this case was not null and void on its face. Although the defendant falsely swore that plaintiff committed theft of his watch, simple inspection of the warrant and affidavit would not disclose the infirmity behind the issuance of the warrant. In a criminal matter, had there been a prosecution, the plaintiff would have been entitled to have the arrest warrant quashed. State v. Williams, 448 So.2d 659 (La.1984). Nevertheless, in the strict sense contemplated by our law, we doubt that defendant's action may be characterized as a false arrest or false imprisonment.
The fact that defendant's actions did not amount to malicious prosecution or false imprisonment is not fatal to plaintiff's cause. As we noted earlier, Article 2315 of our Civil Code is broad enough to cover the tortious conduct of defendant and justify recovery of damages.
The familiar and pertinent portion of Article 2315 (LSA-C.C. art. 2315) provides:
"Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."
The Louisiana Supreme Court in Jones v. Soileau, supra, found malicious prosecution, but at page 1271 the Court discussed the application of Article 2315 which we find appropriate to consider:
"[1] The jurisprudence of the state recognizes a civil cause of action, based on fault under C.C. 2315, in favor of one "whose liberty has been interfered with in an unwarranted manner." F. Stone, 12 La.Civil Law Treatise, Tort Doctrine, §§ 200-01, at 264-66 (1977). Like any other delict under C.C. 2315, such an "interference" must be based on fault of the defendant which causes the damage complained of in order for the plaintiff to recover. In Graf v. McCrory Corp., 368 So.2d 1217, 1218 (La.App.1979) (Lemmon, J.), the defendant refused to drop criminal charges unless the plaintiff would release it from civil liability. The court emphasized that the unreasonableness of the defendant's actions under these circumstances is the key to determining fault in a malicious prosecution case just as in any other case based on C.C. 2315-16.2"
"2. In particular, this court, early in its history, held that "[t]he use of criminal process to enforce a civil claim is an intolerable abuse, even when the claim exists." Cannell v. Michel, 6 La.Ann. 577, 578 (1851). When the claim is essentially civil in nature, the proper approach is to seek redress in civil courts. Id. See also Graf v. McCrory Corp., supra; Lewin v. First Paratransit Corp., 387 So.2d 1254, 1256 (La. App.1980); Joyner v. Weaver, 337 So.2d 635, 637 (La.App.1976) (Watson, J.). The abuse of the criminal process to enforce civil claims is even more reprehensible when an officer of the state or its subdivisions makes such a threat in his official capacity. This court recently disciplined a justice of the peace for precisely such abuses. In re Wilkes, 403 So.2d 35 (La.1981)."
Fault, under LSA-C.C. art. 2315 for false imprisonment was discussed in Fontenot v. Lavergne, supra, at 1170:
"We also find that, as the tort of "false imprisonment" developed, the courts have categorized "false imprisonment" as a type of tort to be decided according to Louisiana's basic tort law found in C.C. art. 2315. Jones v. Simonson, 292 So.2d 251 (La.App. 4th Cir.1974), and Arellano v. Henley, 357 So.2d 846 (La.App. 4th Cir.1978).
In Arellano, the court, in speaking of "false imprisonment", held as follows:
"We are called upon to decide whether these actions on the part of the defendant constituted fault under Article 2315 so as to entitle these plaintiffs to damages for the injuries which they have certainly suffered. This court in Jones v. Simonson, 292 So.2d 251 (La.App. 4th Cir.1974), aptly set forth the applicable considerations:
'Great caution is necessarily demanded in determining "fault" in the context of society's efforts to suppress crime. Our Civil Code does not intend, and society could not tolerate, that reasonable efforts towards crime suppression be punished, and therefore curtailed, by civil liability for simple mistake. However, the efforts must be reasonable; the individual remains obliged to act as a reasonable person would, taking into consideration all of the circumstances. "Falseness" and *819 "malice" serve conceptually to emphasize that not every mistake in defending one's self or community against crime is actionable "fault," but only such mistake as is not reasonably justified by the surrounding circumstances.' (Emphasis added.) 292 So.2d at 253."
Applying these principles, we conclude that defendant was clearly at fault in procuring plaintiff's arrest and imprisonment. Defendant, without probable cause, swore out the affidavit charging plaintiff with the crime upon which the arrest was based. Moreover, defendant participated in the actual arrest of plaintiff. Therefore, plaintiff is entitled to recover against defendant for any damages incurred due to the unjustified arrest. See Fontenot v. Lavergne, supra.

ASSIGNMENT 4
Plaintiff argues that the trial judge erred in not allowing into evidence the proffered "rap sheet" of defendant for impeachment purposes. Copies of arrest registers must comply with the certification requirements of LSA-R.S. 15:457 to be admissible into evidence. State v. Blackwell, 377 So.2d 110 (La.1979). Since plaintiff attempted to introduce an uncertified copy, the trial judge correctly held it to be inadmissible.

DAMAGES
Plaintiff testified that, due to the arrest, she suffered nervousness, stomach cramps and sleeplessness. She also suffered the humiliation and embarrassment of being arrested in front of her children and family. There was some evidence that the arrest for theft has caused her trouble in seeking employment. Plaintiff's main employment experience has been in bookkeeping. Keeping in mind that there has been a finding of malice on the part of defendant, we find that plaintiff is entitled to $5,000 in damages.

DECREE
For the reasons expressed herein the judgment of the trial court is reversed. It is hereby ordered, adjudged and decreed that there be judgment in favor of plaintiff, Christine Fontenot Edmond, against defendant, Ronald Hairford; and plaintiff is awarded $5,000 as damages, together with legal interest from date of judicial demand until paid, and all costs of trial. The costs of appeal are assessed to defendant.
REVERSED AND RENDERED.