Rolando P. DUBOUE, Plaintiff–Appellee

v.

The CITY OF NEW ORLEANS and Claudell Logan, Defendants–Appellants.

No. 89–3350.

United States Court of Appeals, Fifth Circuit.

Aug. 16, 1990.

---

1. Southwold simultaneously filed a complaint for forcible entry and detainer in Texas state court.

Reginald J. Laurent, Asst. Co. Atty., Okla Jones, City Atty., New Orleans, La., for defendants-appellants.

Julian R. Murray, Romualdo Gonzalez, Murray, Braden, Gonzalez & Richardson, New Orleans, La., for plaintiff-appellee.

Before GARZA, HIGGINBOTHAM, and DUHÉ, Circuit Judges.

GARZA, Circuit Judge:

After a jury trial in which Appellants were found liable under state and federal claims but damages were awarded only under the state claims, Appellants appeal to this Court seeking relief. Finding, under these facts, that the tort of abuse of process could not be satisfied, we REVERSE the award of $25,000.00 on the abuse of process claim and AFFIRM the district court in all other things.

## I. The Facts.

Rolando Duboue, owner of the Royal Auto Parts Store, filed suit against the City of New Orleans, Police Officer Claudell Logan and two unnamed police officers, alleging civil rights violations with several pendant state law claims. A jury trial was held on March 9, 1989. The City of New Orleans' motion for directed verdict was

granted as to the section 1983 claims only. Officer Logan's similar motion was denied.

The jury found Officer Logan liable under federal claims for unreasonable search and seizure, false arrest, and malicious or callous disregard for Mr. Duboue's civil rights. However, the jury chose not to award any damages for the federal claims. The jury also found that Officer Logan was liable under the pendant state claims of malicious prosecution, abuse of process, and false arrest and imprisonment. The jury chose to award $25,000.00 in damages for each of the state tort claims. Judgment was entered against Officer Logan and the City of New Orleans for $75,-000.00, and against Officer Logan for reasonable attorneys fees.

Defendants moved for a judgment notwithstanding the verdict (JNOV) and, alternatively for a new trial. Both motions were heard and denied. Both parties timely filed their notice of appeal of the judgment and the denial of both motions.

Plainly stated, the facts involve a father, a son, and an automobile parts store owner. The son, Paul Broussard, Jr., took the father's car without his knowledge or permission. When his son did not return, Paul Broussard, Sr. placed several phone calls to the New Orleans Police Department reporting a stolen car. When the car was finally returned, two Lincoln Continental wheels and a jack were missing. Upon finding young Broussard, the last known location of the wheels was determined. Young Broussard had pawned them to Rolando Duboue, owner of the Royal Auto Parts Store. While the wheels were allegedly worth in excess of $100, the deal was cut for a sum in the range of ten to twenty dollars. The only relevance for these figures is in regard to Duboue's knowledge of obtaining stolen property.

Appellants claim that young Broussard knew exactly where the property was because he had placed it in Duboue's store. With this knowledge, Officer Logan, together with young and old Broussard, went to Royal Auto Parts. Upon arrival in a marked police cruiser, Officer Logan, in uniform, approached the store manager, Mr. Vasquez, and allegedly informed him that young Broussard had admitted stealing some rims. Officer Logan asked permission to go to the restroom, which was granted by Vasquez. . This permission was hotly contested and in significant dispute as to its scope. Royal Auto Parts was equipped with only one functioning restroom. The tires were stored in a storeroom, which did contain a single cracked, nonfunctioning commode. Vasquez gave permission only to search the functioning restroom. Officer Logan looked in both rooms after only receiving the initial grant of permission.

Upon finding the property in the second room, the elder Broussard identified the rims as the ones stolen from him. At this point, Officer Logan left the store to obtain a form identified as a "Permission to Search and Seizure." Purported police procedure was to obtain either a signature on this form or a search warrant.

When Officer Logan returned with the form, he was met by Duboue, the owner, rather than Vasquez. Duboue refused to sign the form and only after conferring with his attorney did he turn over the rims. Without a signature on the consent form, Officer Logan took the second option in the police procedure, which was to obtain a search warrant. Officer Logan informed Duboue that if he did not sign the form and a search warrant had to be issued that Duboue would be arrested in connection with executing the warrant. Duboue was not persuaded.

Officer Logan appeared before Magistrate Hansen to obtain a warrant. The content and validity of the information presented to the court are disputed. Officer Logan left with a signed warrant and the impression that if Duboue had any reason to know the rims were stolen, then Officer Logan was legally authorized to arrest him.

As promised, Officer Logan returned to Duboue's store with "back-up" and a signed warrant. The entourage left with the stolen property and Duboue in custody. As a result of this arrest, Appellee presents a long and detailed description of

the arrest and the traumatic problem it has caused in Duboue's life.

## II. The Law.

The standard of review is clear that the test is "whether the evidence, viewed in the light most favorable to the nonmoving party, is such that reasonable people could not arrive at a contrary verdict." *Melear v. Spears,* 862 F.2d 1177 (5th Cir.1989); *Keyes v. Lauga,* 635 F.2d 330 (5th Cir. 1981).

### A. Federal Claims

As the jury chose not to award damages for the federal claims after finding liability and finding no error in the district court analysis, we affirm the district court on these points.

### B. State Law Claims.

■ Appellants challenge the sufficiency of the evidence to uphold the state law claims. The elements of the tort of malicious prosecution are as follows: (1) commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage conforming to legal standards resulting to plaintiff. *Johnson v. Pearce,* 313 So.2d 812, 816 (La.1975); *Robinson v. Goudchaux's,* 307 So.2d 287, 289 (La.1975). Logan disputes the existence of substantial evidence as to probable cause and malice. The record demonstrates that Logan did not arrest Duboue when he discovered he possessed the tires, but rather he waited until after Duboue refused to sign the consent form. Further, arguably Duboue did not know the tires were stolen and Officer Logan knew the tires were not stolen. Thus, Officer Logan did not have probable cause to arrest and could not reasonably have believed he did. There is substantial evidence to conclude, as the jury did, that Officer Logan arrested Duboue out of anger at him for persisting

in his legitimate refusal to sign the consent form.

■ The essential elements of a cause of action for abuse of process are (1) the existence of an ulterior purpose; and (2) a wilful act in the use of the process not in the regular prosecution of the proceeding. *Stark v. Eunice Superette, Inc.,* 457 So.2d 291 (La.App. 3 Cir.1984), citing *Vasseur v. Eunice Superette, Inc.,* 386 So.2d 692 (La. App. 3 Cir.1980), *writ refused,* 393 So.2d 747 (La.1980); *Owl Construction Co., Inc. v. Ronald Adams Contractor, Inc.,* 642 F.Supp. 475 (E.D.La.1986). The precise inquiry involves the misuse of a process already legally issued whereby a party attempts to obtain some result not proper under law. *Succession of Cutrer v. Curtis,* 341 So.2d 1209 (La.App. 1 Cir.1976), *writ denied,* 343 So.2d 201 (1977), citing *Gonsouland v. Rosomano,* 176 F. 481 (U.S. CCA 5th Cir.1910). Officer Logan contends again that there is insufficient evidence to support an abuse of process claim. While Logan's challenge to the existence of an ulterior purpose or motive is against the weight of the evidence, his claim that this case does not involve abuse of process is on sounder ground. The tort of abuse of process involves the malicious use of a legal process *after* the process has been instituted. *Succession of Cutrer v. Curtis,* 341 So.2d 1209, 1214 (La.App. 1 Cir.1976), *writ denied,* 343 So.2d 201 (1977). In this case, Officer Logan instituted the process, but did nothing further in carrying it to its conclusion. Therefore, Officer Logan can not be said to have abused the process after its institution. Thus, the award of $25,000.00 for abuse of process is hereby reversed.

■ The tort of false arrest requires the plaintiff to prove that the arrest was made without any legal process or warrant or under a warrant null and void on its face. *Tillman v. Holsum Bakeries, Inc.,* 244 So.2d 681 (La.App. 4 Cir.1971), *application denied,* 258 La. 352, 246 So.2d 199 (1971). Appellants challenge the sufficiency of the evidence. The jury, supported by the record, found that Officer Logan's arrest was without a valid warrant or even

probable cause. Thus, the jury finding of false arrest must stand.

### III. The End Result.

While the jury found Officer Logan liable on both federal and state claims, at the request of plaintiff's counsel, chose only to award damages on the state law claims. Consequently, the answers to the federal claims serve only as evidence of the jury's factual determinations. Based on the fact that Officer Logan did not participate in the process other than its institution, the award of $25,000.00 for abuse of process must be REVERSED. The district court's judgment is MODIFIED and damages reduced by $25,000.00 resulting in a total of $50,000.00, and as MODIFIED the judgment is AFFIRMED.