Robert **GRAHAM**

v.

Melvin **FORET.**

Civ. A. No. 91–4234.

United States District Court, E.D. Louisiana.

Nov. 5, 1992.

Leonard B. Melvin, Jr., Melvin & Melvin, Laurel, MS, Joseph Ralph White, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, LA, Billie J. Graham, Laurel, MS, for Melvin Foret.

Edward Settoon Johnson, Johnson, Johnson, Barrios & Yacoubian, New Orleans, LA, for Gulf City Fisheries, Inc.

William F. Dodd, Houma, LA, for Jerry Larpentier.

Karl R. Steinberger, Pascagoula, MS, for Robert Graham.

WICKER, District Judge.

The defendant filed a Motion for Summary Judgment which was submitted on briefs without oral argument.

After considering the briefs of counsel, the record and the applicable law, the Court GRANTS the defendant's motion for summary judgment, for the reasons which follow:

This is a lawsuit for malicious prosecution and abuse of process, which grew out of a dispute between Robert Graham ["Graham"] of Gulf City Seafood and Melvin Foret ["Foret"] of Cocodrie Seafood over the payment for shrimp. In July 1989, Gulf City owed Cocodrie $195,000. When the debt was not paid, Foret approached the District Attorney of Terrebonne Parish, Louisiana, who issued an arrest warrant for Graham. Graham was thereafter arrested in Mississippi for theft in October, 1989. In December, 1989, Cocodrie filed a civil suit against Gulf City for the money owed on the shrimp. Then in the spring of 1990, the theft charge against Graham was dismissed. The civil lawsuit resulted in a verdict and money judgment in Cocodrie's favor and against Gulf City Seafood. Thereafter Graham filed this lawsuit. As to malicious prosecution, the complaint alleges that Foret not only knew that the allegations against Graham were false but instituted and continued to prosecute the criminal proceedings without probable cause and with malice. The complaint alleges that Foret had an ulterior motive for having the warrant issued and intentionally used the legal process of Louisiana and Mississippi for an improper purpose, constituting abuse of process.

Summary judgment is appropriate when:

the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The plaintiff's opposition to the defendant's motion for summary judgment is based primarily on their being facts in dispute. Upon review, this Court finds that any facts still in dispute are not material to the issue of whether or not an action lies as a matter of law for malicious prosecution and abuse of process.

## MALICIOUS PROSECUTION

■ Actions for malicious prosecution are disfavored and a clear case must be established. *Jones v. Soileau*, 448 So.2d 1268 (La.1984); *Johnson v. Pearce*, 313 So.2d 812 (La.1975). The six elements of a malicious prosecution action are:

(1) the commencement or continuance of an original criminal or civil judicial proceedings; (2) legal causation by the present defendant in the original proceeding; 3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding (5) the presence of malice therein; and (6) damages conforming to legal standards resulting to plaintiff. *Jones*, 448 So.2d at 1271.

■ There is no cause of action for malicious prosecution where there was an arrest but no information or indictment filed. *Edmond v. Hairford*, 539 So.2d 815 (La.App. 3d Cir.1989). In this case, there is no record of any bill of information or bill of indictment being issued before the criminal charges were dismissed. (Deposition of Douglas Greenburg, District Attorney, Terrebonne Parish.) Accordingly, the first element is lacking.

As to the second element, at the time Foret complained to the District Attorney, plaintiff owed him $195,000 and he did not believe he would be paid. After consulting with the District Attorney, it was not Foret, but the District Attorney who caused the arrest warrant to issue. *Parks v. Winnfield Life Insurance Company*, 336 So.2d 1021

(La.App. 3d Cir.1976) cited by the plaintiff is distinguishable. *Parks* was decided on an exception of no cause of action, not a motion for summary judgment. In this case, the evidence indicates that the District Attorney determined that plaintiff should be arrested. Furthermore, District Attorney Greenburg testified that there is no actual documentation of a criminal complaint in this matter. (Greenburg deposition at 17.)

As to the third element, the District Attorney's dismissal of the charge against Graham does not necessarily constitute a termination of proceedings in plaintiff's favor. Greenburg's dismissal was rendered before any information or indictment was returned and was not on the merits. Greenburg's testimony and the copies of correspondence submitted with this motion, indicate that the dismissal was designed to expedite the civil suit and had nothing to do with the merits of the theft charge itself.

■ The determination of probable cause, the fourth element, depends upon the particular facts of each case [*Coleman v. Kroger, Co.*, 371 So.2d 1186, 1188 (La.App. 1st Cir. 1979)] and "[t]he crucial determination is whether the defendant [Foret] had a reasonable belief in the guilt of [Graham] at the time he pressed charges." *Jones*, 448 So.2d at 1272. When Foret approached the District Attorney, there was a substantial debt and little likelihood of its ever being paid. The circumstances were such as to create a belief in a reasonable mind that the plaintiff was guilty of the crime charged. The facts of the *Jones* case *supra* are distinguishable from the facts of this case. The *Jones* court found an absence of probable cause because the defendant had not made a full disclosure to the District Attorney and had not sought advice in good faith. In this case, Foret laid the facts out to the District Attorney and it was the District Attorney who then caused the warrant to issue.

■ As to the fifth element, "malice exists when a charge is made with knowledge that it is false or with reckless disregard for the truth." *Stark v. Eunice Superette, Inc.*, 457 So.2d 291, 294 (La.App. 3rd Cir.1984). If a person acted reasonably and in good faith, he is entitled to a dismissal even though it may

be ultimately determined that he was mistaken. *Stark, supra.* For the reasons enumerated herein, Foret acted reasonably in the good faith belief that he was not going to be paid. Accordingly, malice has not been shown. Compare *Jones.*[1]

## ABUSE OF PROCESS

 The essential elements for a cause of action for abuse of process under Louisiana law are (1) the existence of an ulterior purpose; and (2) a wilful act in the use of the process not in the regular prosecution of the proceeding. "The tort of abuse of process involves the malicious use of a legal process *after* the process has been instituted. (Emphasis in original.)" *Duboue v. New Orleans,* 909 F.2d 129 (5th Cir.1990). "It is a malicious perversion of a legally issued process whereby a result not lawfully or properly obtainable under it is attempted to be secured." *Succession of Cutrer v. Curtis,* 341 So.2d 1209, 1214 (La.App. 1st Cir.1976).

■ As discussed earlier, probable cause in this case existed for the arrest warrant to issue. There is no evidence that the defendant Foret had any ulterior motive. The debt was owed and Foret notified the District Attorney that he had little likelihood of being paid. At least one court from this District has found "as a matter of law that there can be no 'ulterior purpose' in the attempt to collect money owed." *Owl Constr. Co. v. Ronald Adams Contractor, Inc.,* 642 F.Supp. 475 (E.D.La.1986). Additionally, there is no evidence of any malicious use of legal process once the District Attorney's office was notified. There is no abuse of process where the defendant "instituted the process and did nothing further in carrying it to its conclusion." *Duboue, supra.*

Therefore, even viewing any inferences to be drawn from the underlying facts in the light most favorable to the plaintiff [*Matsushita Elec. Indus. Corp. v. Zenith Radio,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89

L.Ed.2d 538 (1986)], this Court finds that the plaintiff has failed to make a showing sufficient to establish the elements needed to establish a cause of action for malicious prosecution or for abuse of process under Louisiana law.

Accordingly, IT IS ORDERED, ADJUDGED and DECREED that the defendant's Motion for Summary Judgment BE and IT IS hereby GRANTED dismissing plaintiff's suit with prejudice at his costs.

---

1. Soileau knew that his ordinary civil remedies were of little value in attempting to collect from his customers who fell behind. So he created his own security device for the collection of debts on an open accounts. He signed the demand letters in his official capacity as city marshal. He then refused to negotiate with Jones and insisted on full payment. Such actions were clearly done with an intent to use the baseless criminal charge to collect from Jones. *Jones v. Soileau,* 448 So.2d 1268, 1273 (La.1984).