JWOODARD, Judge.
This is a dispute over payment of arrear-age in child support. The trial court ordered the father, Thomas Stagg, to execute an assignment of interest in his aunt’s succession in order to pay his child support obligation and prohibited him from renouncing his interest in that succession.' From this judgment, the father appeals. We affirm.
FACTS
Thomas and Karen Stagg were divorced in December of 1992. In April of 1993, Thomas was ordered to pay child support of $600.00 per month for their two children. In April of 1994 he filed a rule to reduce child support. Judgment was entered in June of 1994, denying his rule. At the same time, an immediate income assignment order was issued to deduct $50.00 per month from his wages as payment for arrearage totaling $900.00. This order was issued after Karen Leger Stagg requested services through Support Enforcement, and after the State of Louisiana had sued Thomas.
In August of 1997, Thomas again filed a rule to reduce support, as well as to amend the joint custody agreement because Karen was planning to move the children to Colorado. In response, Karen filed a motion for past due child support, contempt, attorney’s fees, and court costs. At that time, Thomas was $9,042.00 behind in child support payments. The State of Louisiana was named as an indispensable party, pursuant to La. R.S. 46:236.1. Trial was held on September 19, 1997, in St. Landry Parish. Thomas claimed that his financial situation drastically changed after his family business was bought out, that he had since been unable to obtain comparable employment, that he had been forced to file for bankruptcy, and that he was working two part-time jobs earning a total of $800.00 per month. He had returned to college full-time to pursue a degree in sociology and planned to obtain his master’s degree so he could be a counselor. Karen claimed that Thomas had only applied for jobs for which he was not qualified and was unwilling to work in other jobs such as the oil field.
The trial court held that Thomas had failed to prove a substantial change in circumstances and therefore denied the motion to reduce child support. He ordered Thomas to pay $5,297.00 in arrearage and to execute an assignment of his interest in the Succession of Dorothy I. Stagg Mouton to Karen, as security for the payment of the arrearage and for payments of future child support as it accrued in the amount of $600.00 per month. Thus, Karen was granted the status of a creditor of the succession and was to be paid from Thomas’ interest in the succession. Thomas was prohibited from renouncing his interest in the Succession of Dorothy I. Stagg Mouton. By April, 1998, when the succession was distributed, Thomas owed $9,497.00 in child support to Karen, of which $8,476.63 was paid from the succession.
Thomas appeals the trial court’s judgment, giving Karen status as a creditor for future child support payments and prohibiting him from renouncing his interest in the succession.
hLAW
The first matter which we must address is whether the trial court could grant relief which Karen’s pleadings did not request. We find that it was proper. La.Code Civ.P. art. 862. See also Edmond v. Hairford, 539 So.2d 815 (La.App. 3 Cir.1989).
The next issue we must address is whether or not Karen was entitled to the relief the trial court granted her regarding the assignment of Mr. Stagg’s interest in his aunt’s succession.
The legislature has statutorily granted the courts extensive authority in this area of the law. See generally, La.Civ.Code art. 141, a general statement of the authority for a court *1099 to order child support; La.R.S. 9:315-315.15, the statutory guidelines for the determination of child support orders; La.R.S. 9:303, permitting income assignments; La.R.S. 9:315.30, permitting suspension of certain state licenses for failure to pay child support orders; La.R.S. 9:315.40, allowing suspension of hunting and fishing licenses for failure to pay child support; and La.R.S. 47:299.31; authorizing the offset of an individual’s state tax refund for child support payments in arrears.
Of particular interest to our analysis of this issue is the Uniform Interstate Family Support Act (UIFSA), found in the La.Ch. Code art. 1301.1, et seq. When a Louisiana court is sitting as a “responding tribunal,” having received a pleading from a court in another state to enforce a support order and has caused a petition or pleading to be filed, our court has very broad authority concerning the manner in which to enforce the support order. La.Ch.Code art. 1303.5(B) states:
B. A responding tribunal of this state, to the extent otherwise authorized by law, may do one or more of the following:
(1) Issue or enforce a support order, modify a child support order, or render a judgment to determine parentage.
(2) Order an obligor to comply with a support order, specifying the amount and the manner of compliance.
(3) Order income withholding. •
(4) Determine the amount of any arrear-ages and specify a method of payment.
(5) Enforce orders by civil or criminal contempt, or both.
k(6) Set aside property for satisfaction of the support order.
(7) Place liens and order execution on the obligor’s property.
(8) Order an obligor to keep the tribunal informed of the obligor’s current residential address, telephone number, employer, address of employment, and telephone number at the place of employment.
(9) Issue an order of contempt or a bench warrant, or both, for an obligor who has failed, after proper notice, to appear at a hearing ordered by the tribunal and enter the order of contempt and bench warrant in any local and state computer systems for criminal warrants.
(10) Order the obligor to seek appropriate employment by specified methods.
(11) Award reasonable attorney fees and other fees and costs.
(12) Grant any other available remedy.
(Emphasis added.)
While we, obviously, are not dealing with an out-of-state order in the instant case, we can see no logical reason why our trial court, not sitting as a “responding tribunal,” should not have the same authority, as it does under the UIFSA, to enforce support orders for citizens of this state in order to provide the remedy the trial court granted to Karen in this case. To hold otherwise would deny a remedy to a citizen of this state, seeking arrearage in child support, that is otherwise available to an out-of-state petitioner under La.Ch.Code art. 1303.5(B)(12). This would be absurd and irrationally discriminatory.
Thomas Stagg had repeatedly failed to pay the court-ordered child support. His own testimony established that he would be unable to make his payments because his reported monthly income was $800.00, and he claimed to have monthly expenses in excess of $900.00, excluding the $600.00 child support payment. Notwithstanding, he does have another source for payment — his interest in the succession. The trial court’s solution is legally sound, reasonable, and supports Louisiana’s very strong public policy ensuring that children are supported by their parents as opposed to the welfare system. See La.R.S. 9:315.30, Family Financial Responsibility; Purpose.
As a matter of public policy, Thomas’ statutory right to renounce the succession must give way to the more important societal interest that he be required to support his ^offspring from whatever assets which may be available to him. The trial court’s ruling is affirmed.
CONCLUSION
The trial court’s judgment prohibiting Thomas Stagg from renouncing his interest *1100 in the succession of Dorothy I. Stagg Mouton and making his wife a creditor of a succession for arrearage and future child support is affirmed. The appellant is cast with the costs.
AFFIRMED.
COOKS, J., dissents and assigns written reasons.