[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14690
Non-Argument Calendar
_____

D.C. Docket No. 8:09-cv-00935-JDW-EAJ

RUDOLPH HARRIS, JR.,

Plaintiff-Appellant,

versus

WARDEN, HARDEE CI,
ASSISTANT WARDEN ROBERT HEINE, JR.,
MRS. SUSAN HASH,
Classification Specialist,
CHAPLAIN R. MUTCHERSON,
SGT. A. SCARPATI,
laundry supervisor, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 27, 2012)

Before MARCUS, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Rudolph Harris, Jr., a state inmate, appeals pro se the district court's dismissal of his civil rights complaint brought under 42 U.S.C. § 1983, alleging violations of the First and Fourteenth Amendments by several employees of the Florida Department of Corrections (the "FDOC defendants"), as a sanction for his abuse of the judicial process.  On appeal, Harris argues that: (1) the district court abused its discretion in dismissing his complaint as a sanction; (2) the FDOC defendants' motion to dismiss his complaint was untimely; and (3) the district court should have considered on the merits Harris's motion for partial summary judgment.  After thorough review, we affirm.

We review de novo the grant of a motion to dismiss.  Martes v. Chief Executive Officer of S. Broward Hosp. Dist., 683 F.3d 1323, 1325 (11th Cir. 2012).  We review for abuse of discretion a district court's decision to impose sanctions under its inherent power, asking whether it applied the wrong legal standard or made clearly erroneous findings of fact.  In re Sunshine Jr. Stores, Inc., 456 F.3d 1291, 1304 (11th Cir. 2006).  We also review claims that the district court mismanaged its docket for abuse of discretion.  Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366-67 (11th Cir. 1997).  Although we read briefs filed by pro se litigants liberally, issues not briefed on appeal by a pro se litigant are deemed abandoned.  Timson v. Sampson,

518 F.3d 870, 874 (11th Cir. 2008).

First, we are unpersuaded by Harris's claim that, given his pro se status, the district court abused its discretion in dismissing his complaint as a sanction without allowing him "to correct" his failure to disclose his prior litigation history. It is well settled that federal courts have the inherent power to sanction parties, but the court must make a finding of bad faith on the part of the litigant before imposing such sanctions. In re Sunshine, 456 F.3d at 1304. A dismissal without prejudice generally does not constitute abuse of discretion, even for a single violation of a court order, because the affected party may simply re-file. See Dynes v. Army Air Force Exch. Serv., 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice for failure to file a court-ordered brief was not abuse of discretion).

Where a dismissal without prejudice has the effect of precluding the plaintiff from refiling his claim due to the running of the statute of limitations, it is tantamount to a dismissal with prejudice. Justice v. United States, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993). Dismissal with prejudice is a drastic remedy to be used only where a lesser sanction would not better serve the interests of justice. Id.

In this case, Harris has not demonstrated that the district court abused its discretion in sanctioning him with dismissal without prejudice for his abuse of the judicial process. Although a district court must consider lesser sanctions before

3

dismissing a complaint with prejudice, see id., Harris has not argued on appeal that the district court's dismissal was tantamount to a dismissal with prejudice. Moreover, he cites no authority for the proposition that a district court must consider lesser measures, such as requiring a plaintiff to amend its complaint, before sanctioning the plaintiff with dismissal of the complaint without prejudice. To the contrary, we have held that a dismissal without prejudice does not constitute abuse of discretion. See Dynes, 720 F.2d at 1499.

Furthermore, the district court below made a finding of bad faith before imposing the sanction of dismissal, specifically noting that Harris had "affirmatively misrepresented the facts" and that he "knew, or from reading the Complaint form should have known, that disclosure of the relevant prior actions was required." As the record shows, Harris failed to disclose his litigation history in both his original and amended complaints, despite specific descriptions in the form complaint of the kinds of cases that he was required to disclose. Moreover, Harris disclosed his prior cases only after the FDOC defendants alerted the district court to his relevant litigation history in their motion to dismiss. Although Harris asserted in his motion for the district court to take notice of his prior actions that he did not have access to his court files or the online docket, he made no attempt to disclose any information regarding his prior cases in his complaints, simply writing or checking "No" or "Not

4

Applicable" under all of the relevant questions. Thus, the district court's finding of Harris's affirmative misrepresentation was not clearly erroneous.

Next, we find no merit in Harris's argument that the district court erred in dismissing his complaint based on the FDOC defendants' motion to dismiss, which was untimely, he asserts, because it was filed three days after Harris's motion for partial summary judgment. Under Rule 12, a defendant who has waived service of summons must answer the complaint within 60 days after the request for a waiver was sent. Fed.R.Civ.P. 12(a)(1)(A)(ii). A motion for failure to state a claim upon which relief may be granted must be filed before any responsive pleading that is allowed. Fed.R.Civ.P. 12(b). Unlike Rule 12, Fed.R.Civ.P. 56(b) does not inhibit or channel the filing of a summary judgment motion, so long as it is filed within 30 days after the close of discovery.

Here, Harris has not established that the district court erred in considering the FDOC defendants' motion to dismiss instead of denying it as "moot." The motion to dismiss was timely under Rule 12 and the district court's November 18, 2010, order. Sixty days from November 30, 2010, the date the waiver requests were sent, was Saturday, January 29, 2011. Thus, the FDOC defendants were required under Rule 12 to answer by this date and to file any motion for failure to state a claim before answering. See Fed.R.Civ.P. 12(a)(1)(A)(ii), (b). Because the FDOC defendants

5

filed their motion to dismiss on Monday, January 31, 2011, it was timely filed. See Fed.R.Civ.P. 6(a)(1)(C). Nothing in the language of Rule 12 or our precedent suggests that a plaintiff's motion for summary judgment renders untimely a defendant's subsequent motion to dismiss that was otherwise timely. See generally Fed.R.Civ.P. 12. Moreover, Harris cites no authority in support of this proposition.

Finally, we reject Harris's claim that the district court abused its discretion in denying his motion for partial summary judgment as moot without considering it on the merits. We recognize that while district courts enjoy broad discretion in deciding how best to manage the cases before them, that discretion is not unfettered. Chudasama, 123 F.3d at 1366-67. An abuse of discretion can include the failure to consider and rule on significant pretrial motions before issuing dispositive orders. Id. at 1367. When the court's mismanagement of a case materially prejudices a litigant's rights, the district court has abused its discretion, and we must redress that abuse. Id.

On appeal, Harris does not argue that the district court should have granted him summary judgment, but instead seems to assert that the district court should have considered his motion on the merits rather than simply denying it as moot. However, to the extent Harris is suggesting that the district court mismanaged his case in refusing to consider his motion on the merits, he has not established abuse of

6

discretion because he has not demonstrated that he was prejudiced.  See id. at 1367.

As we've already discussed, he has shown no abuse of discretion in the district court's dismissal of his action as a sanction for his abuse of the judicial process. Moreover, although Harris's motion sought summary judgment on his claim for injunctive relief, he has abandoned on appeal any argument as to the district court's determination that his claim for injunctive relief failed because he did not successfully allege a violation of a federal or constitutional right.  Since Harris has shown no error or abuse of discretion by the district court in dismissing his action based on these reasons, he has not demonstrated any prejudice to him or abuse of discretion in the district court's refusal to consider on the merits his motion for summary judgment.

**AFFIRMED.**