[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-11453

Non-Argument Calendar

_____

CHRISTINA MCLAUGHLIN,

Plaintiff-Appellant,

*versus*

FLORIDA INTERNATIONAL UNIVERSITY BOARD OF
TRUSTEES,
CHAIR OF FIU BOARD OF TRUSTEES,
Claudia Puig,
PRESIDENT OF FLORIDA INTERNATIONAL UNIVERSITY,
Mark B. Rosenberg,
DEAN OF THE FIU COLLEGE OF LAW 2009-2017,
R. Alex Acosta,
INTERIM DEAN FIU LAW 2017,

2                    Opinion of the Court                    21-11453

Tawia Baidoe Ansah, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:20-cv-22942-KMM

_____

Before WILSON, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

After she was dismissed from Florida International University College of Law, Christian McLaughlin filed an eleven-count, 115-page complaint against seventeen named defendants, alleging that she was "systematically targeted . . . for academic expulsion because she openly supported and volunteered for the Republican party," including former President Donald Trump. Her amended complaint contained numerous overlapping constitutional, statutory, and state law tort claims against the defendants. The district court dismissed McLaughlin's claims on multiple alternative grounds. Relevant here, it dismissed her claims against the federal defendants for reasons of sovereign immunity and failure to exhaust administrative remedies. And it dismissed her claims against

the state defendants and Professor Wasserman in his individual capacity on shotgun pleading grounds. After review, we affirm.

## I.

Christina McLaughlin was enrolled as a first-year law student at Florida International University College of Law during the 2016-2017 academic year. During that year, she was a vocal supporter of the Republican party on social media. Not long after the school year was under way, it was "evident to all the surrounding classmates that [Plaintiff] was a Donald Trump supporter." McLaughlin "noted an almost immediate difference in attitude and behavior from classmates, professors, and FIU administration" and alleges that "FIU Law began an intentional hostile, discriminatory and retaliatory campaign" against her. She "felt threatened and stifled to voice any comments in support of President Trump for fear of further retaliatory action especially concerning grades." McLaughlin "felt unsafe to show any expression of her political allegiance such as wearing a 'Trump/Pence' shirt or hat because of the vitriol expressed by the law professors."

At the end of her spring semester at FIU Law, McLaughlin received notice that her GPA had fallen below 2.0, and that, consequently, she had been dismissed from FIU Law. McLaughlin petitioned the law school for readmission, arguing that her dismissal was procedurally unfair because she had not been given advance warning of her expulsion, and that at least one of her professors had used non-academic standards for grading. After she was denied

readmission, she petitioned FIU, contacting the University's general counsel and president, the Florida state university system's Board of Governors, and the federal Department of Education. Unable to obtain relief, McLaughlin filed suit in federal district court.

McLaughlin's amended complaint contains claims against seventeen named defendants, which fall into roughly three classes: the federal defendants, including the federal Department of Education and Secretary of Education; the state defendants, including various educational officials affiliated with FIU and the Board of Governors for the state's university system; and Professor Howard Wasserman who, unlike the other defendants, was sued in both his official *and individual* capacities. All other defendants were sued in their official capacities only.

McLaughlin's amended complaint contains a smattering of overlapping constitutional, statutory, and state law tort claims against the defendants. She alleges that defendants violated her First Amendment right to freedom of speech and political expression (Count I); violated her Fourteenth Amendment and Florida constitutional rights to due process (Count II); violated her Fourteenth Amendment and Florida constitutional rights to equal protection of the law (Count III); breached their legal obligation to properly enforce a student complaint under the Family Educational Rights and Privacy Act (Count IV) ; violated her rights under FERPA and Florida's Student and Parental Rights and Educational Choices Act (Count V); denied her right to assistance of counsel under federal law (Count VI); engaged in fraud (Count VII);

engaged in a civil conspiracy (Count VIII); breached their fiduciary duty (Count IX); were negligent (Count X); and engaged in defamation (Count XI). McLaughlin seeks injunctive and declaratory relief, as well as damages in excess of 25 million dollars.

The federal defendants, state defendants, and Professor Wasserman each moved to dismiss the various claims against them. The district court granted all three motions to dismiss. First, as to the federal defendants, the court dismissed all claims against them with prejudice for reasons of sovereign immunity and failure to exhaust administrative remedies. It then explained several other alternative grounds on which it could have dismissed the federal defendants. Second, as to the state defendants, the court held that McLaughlin's amended complaint was a shotgun pleading, warranting dismissal without prejudice. It then explained that even if it considered McLaughlin's claims against the state defendants as formulated in the amended complaint, they failed on their merits and would be dismissed with prejudice.

Finally, as to Wasserman, the district court again held that McLaughlin's amended complaint was a shotgun pleading, warranting dismissal without prejudice. And, again, it explained that if it considered the claims against Wasserman as formulated in the amended complaint, they failed on their merits.

In its dismissal order, the district court invited McLaughlin to cure any pleading deficiencies by filing an amended complaint within twenty-one days. Rather than amend, McLaughlin appealed.

## II.

We review a district court's dismissal for failure to state a claim or lack of subject-matter jurisdiction *de novo. See Michel v. NYP Holdings, Inc.,* 816 F. 3d 686, 694 (11th Cir. 2016) (citing *Simpson v. Sanderson Farms, Inc.*, 744 F. 3d 702, 705 (11th Cir. 2014)). We accept the allegations in the operative complaint as true and construe them in the light most favorable to the plaintiff. *Ironworkers Local Union 68 v. AstraZeneca Pharm., LP,* 634 F. 3d 1352, 1359 (11th Cir. 2011).

When a district court dismisses a complaint because it is a shotgun pleading, we review that decision for abuse of discretion. *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (citing *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294 (11th Cir. 2018)).

## III.

We affirm the district court's dismissal of all of McLaughlin's claims against all defendants. We divide our discussion into two parts. First, we discuss the district court's dismissal of McLaughlin's claims against the federal defendants on the merits. Second, we discuss the dismissal of McLaughlin's claims against the state defendants and Wasserman on shotgun pleading grounds. In both instances, we affirm the district court.

### A.

The district court dismissed McLaughlin's claims against the federal defendants on several alternative grounds. It held that

McLaughlin's constitutional claims against them (Counts I and III) failed on sovereign immunity grounds. And it held that McLaughlin's tort claims against them (Counts IV, VII, VIII, IX, and X) failed because the Department of Education and Secretary of Education were not proper parties, and because McLaughlin failed to exhaust administrative remedies under the FTCA. Though unnecessary, the court explained that the tort claims against the federal defendants failed for additional reasons. McLaughlin's fraud and civil conspiracy claims (Counts VII and VIII) failed because they fell into the intentional tort exception to the government's waiver of sovereign immunity under the FTCA. And it dismissed McLaughlin's breach of duty, breach of fiduciary duty, and negligence claims (Counts IV, IX, and X) because they were rooted in the Department's failure to resolve a FERPA complaint, and FERPA provides no provide right of action.

We need not address the district court's dismissal on sovereign immunity and exhaustion grounds, or on any other alternative ground, for this reason: McLaughlin has abandoned any argument on appeal that the district court erred in dismissing her claims against the federal defendants.

An appellant's brief must include "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8)(A). We deem abandoned "a legal claim or argument that has not been briefed before the court." *Access Now, Inc. v. S.W. Airlines*, Co., 385 F.3d 1324, 1330 (11th Cir. 2004). It is not enough

to make "passing references" to a district court's holdings, "without advancing any arguments or citing any authorities to establish that they were error." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). *See also United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) ("[A] party seeking to raise a claim or issue on appeal must plainly and prominently so indicate" and "must devote a discrete, substantial portion of his argumentation to that issue."). We have held that "[t]o obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince [this Court] that every stated ground for the judgment against him is incorrect." *Sapuppo*, 739 F.3d at 680.

Though McLaughlin's brief McLaughlin restates her allegations against the Department of Education in the section titled "Statement of the Facts," it makes no substantive argument that the district court's order dismissing the federal defendants was error. *See Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (an appellant's reference to an issue "in its Statement of the Case in its initial brief," without elaborating any argument on the merits, was insufficient to raise the issue on appeal).

McLaughlin's brief contains no argument challenging the district court's holding that sovereign immunity bars McLaughlin's constitutional claims against the federal defendants. She argues that the district court erred in holding that several Florida state defendants were shielded by sovereign immunity. As to the federal defendants' sovereign immunity defense, McLaughlin makes only

two points, neither of which are relevant: (1) she discusses the "discretionary function" exception to the FTCA, which was not the basis for the court's ruling, and (2) she cites the standard for *qualified* immunity, which is not relevant to the federal defendants.

Nor does McLaughlin dispute the district court's dismissal of her fraud and civil conspiracy claims against the federal defendants for the reason that they fall into the intentional tort exception to the government's waiver of sovereign immunity. Though McLaughlin challenges the district court's alternative ruling that she failed to exhaust her administrative remedies under the FTCA, that was just one of multiple alternative grounds for dismissal, and it was not why the district court dismissed Counts VII and VIII with prejudice. Because McLaughlin failed to challenge each alternative ground on which the district court based its dismissal, she has abandoned any challenge to the district court's dismissal of her fraud and civil conspiracy claims against the federal defendants.

Finally, McLaughlin does not challenge the district court's dismissal of her FERPA-based tort claims against the federal defendants (breach of duty, breach of fiduciary duty, and negligence). She states in a conclusory manner that the court "err[ed] by not allowing [her] to amend her complaint to more precisely claim her right under Fla. Stat. [§] 1002.225(3)." But she does not advance any arguments or cite any authorities showing that the district court's ruling was erroneous. *See Sapuppo*, 739 F.3d at 681. And she rejected the district court's invitation to amend her pleadings when she elected to appeal. In any case, McLaughlin's FERPA-based tort

claims clearly fail because FERPA does not create a private right of action. *See Martes v. Chief Exec. Officer of S. Broward Hosp. Dist.*, 683 F.3d 1323, 1326 n.4 (11th Cir. 2012) (citing *Gonzaga Univ. v. Doe*, 536 U.S. 273, 290 (2002)).

Because McLaughlin failed to adequately raise arguments challenging the district court's dismissal of her claims against the federal defendants, we affirm the district court's dismissal of those claims.

*B.*

The district court dismissed McLaughlin's claims against the state defendants, including Wasserman, on several grounds. First, the court held that McLaughlin's amended complaint was an impermissible shotgun pleading and failed to present a "short and plain statement" of her claims, in reference to Rule 8. On that basis, the court dismissed the amended complaint "in its entirety" and without prejudice. Second, it concluded that, even if the court considered them, each of McLaughlin's claims against the state defendants nevertheless failed. It held that McLaughlin's claims against all state defendants except Wasserman failed on the merits and dismissed them with prejudice. As to Wasserman, it held that McLaughlin's federal claims against him failed on qualified immunity grounds. Then, with the federal claims dismissed, it declined to exercise supplemental jurisdiction over the remaining state law claims against him. The court then dismissed each of McLaughlin's claims against Wasserman without prejudice.

Importantly, McLaughlin then waived her right to amend by appealing. *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006). Having elected to waive her right to further amend her pleadings, McLaughlin must now stand on her amended complaint in its current form.

The Federal Rules of Civil Procedure require that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A district court has "inherent authority to control its docket and ensure the prompt resolution of lawsuits, which in some circumstances includes the power to dismiss a complaint for failure to comply with Rule 8(a)(2) . . . ." *Weiland*, 792 F.3d at 1320. We refer to pleadings that violate Rule 8 as shotgun pleadings. *Id.*

We have identified "four rough types or categories of shotgun pleadings." *Id.* at 1321. The first and most common type of shotgun pleading is a complaint containing multiple counts, each of which "carry all that came before" them, causing "the last count to be a combination of the entire complaint." *Weiland*, 792 F.3d at 1321. The second type is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. Third, a complaint can violate Rule 8 by "not separating into a different count each cause of action or claim for relief." *Id.* at 1323. And finally, a complaint is a shotgun pleading if it "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for

which acts or omissions, or which of the defendants the claim is brought against." *Id.*

As it relates to the state defendants and Wasserman, McLaughlin's amended complaint—clocking in at 115 pages and 1,064 paragraphs—is a shotgun pleading. This is so for several reasons. First, the amended complaint contains eleven distinct "CAUSE[S] OF ACTION." But each cause of action expressly adopts the first 757 paragraphs of the complaint, which contain numerous, unrelated factual allegations supporting multiple unrelated claims against each and every defendant.

Second, the amended complaint repeats the same allegations multiple times. For example: McLaughlin alleged the same purported failure to review her grades ten times, with each instance incorporated into all eleven counts. Third, the amended complaint contains free-floating factual allegations that are not connected to a particular claim at all. For example, McLaughlin alleges that on multiple occasions, law professors had sexual affairs with students; that the dean and several FIU law professors signed a letter protesting Brett Kavanaugh's nomination to the United States Supreme Court; and that FIU negligently hired a law professor who went on to receive poor student reviews.

Finally, several of the counts McLaughlin asserts contain multiple claims or theories, against multiple defendants, without specifying which defendants the claim is brought against. For example, her first cause of action: incorporates all factual allegations contained in paragraphs one through 757, plus several additional

paragraphs of factual allegations; is predicated on the Florida Constitution and the First and Fourteenth Amendments of the U.S. Constitution; alleges a general violation of free-speech rights but fails to specify whether it was grounded in a retaliation theory or some other free speech theory; fails to specify exactly who the claim is brought against; and further alleges a private cause of action under Florida law for FERPA violations.

By pleading her claims in such fashion, McLaughlin's amended complaint bears each of the four hallmarks that we use to identify a shotgun pleading.

In her opening brief, McLaughlin argues that the district court erred in dismissing her complaint as a shotgun pleading even though it was able, after some effort, to recognize and address her claims against the federal defendants, state defendants, and Wasserman. McLaughlin also notes that the defendants were able to ascertain the claims against them well enough to draft their respective motions to dismiss. This argument lacks merit. Just because the district court and the defendants were able, after considerable time and effort, to ascertain McLaughlin's claims at the pleadings stage does not automatically mean that she has satisfied Rule 8. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356–57 (11th Cir. 2018) (even though the district court spent "fifty-four pages and untold hours" analyzing the sufficiency of the plaintiff's individual claims under Rule 12(b)(6), the Court of Appeals affirmed dismissal on shotgun pleading grounds). Here, the district court noted that it was "unreasonably difficult to ascertain which causes of action

apply to which Defendants, and specifically on what basis." It nevertheless sifted through McLaughlin's vague and repetitive allegations, discerned the basis for each of the eleven causes of action, and identified the defendants to which they applied—but it should not have been required to expend such effort. *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997) ("Shotgun pleadings . . . impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources.")

McLaughlin further states in her opening brief that she can "cure all pleading deficiencies" identified by the district court in an amended complaint. But that time has passed. The district court, in its dismissal order, invited McLaughlin to cure any pleading deficiencies by filing an amended complaint within twenty-one days. McLaughlin instead appealed. By appealing, McLaughlin waived her right to amend, rendering the district court's Rule 8 dismissal final. Having reviewed her pleadings and the district court's dismissal order, we conclude that the district court did not abuse its discretion in dismissing the amended complaint as a shotgun pleading. Accordingly, we affirm the district court's order dismissing McLaughlin's claims against the state defendants and Wasserman.

**AFFIRMED**.